J-S23010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ADAM BOATWRIGHT, JR. | |
| Appellee | No. 1487 MDA 2021 |

Appeal from the Order Entered November 3, 2021
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001008-2020

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                  **FILED: SEPTEMBER 6, 2022**

The Commonwealth appeals from an order of the Court of Common Pleas of York County granting a motion to dismiss the criminal complaint against Appellee, Adam Boatwright, Jr. pursuant to Pa.R.Crim.P. 600. Based on our recent decision in ***Commonwealth v. Carl***, —A.3d—, 2022 WL 1397689 (Pa. Super., May 4, 2022), we hold that the trial court erred by refusing to exclude from its Rule 600 calculation a 74-day period that fell under a York County judicial emergency declaration in response to the pandemic. Since exclusion of this time period defeats Appellee's Rule 600 motion, we vacate the order of dismissal and remand for further proceedings.

On December 8, 2019, a criminal complaint was filed charging Appellee with driving under the influence of alcohol. A preliminary hearing was

_____

[*] Retired Senior Judge assigned to the Superior Court.

scheduled for January 21, 2020 but was continued to February 18, 2020. Appellee failed to appear at his preliminary hearing, and the magisterial district justice sent a request for a bench warrant to the court. A formal arraignment was scheduled for March 20, 2020, but Appellee entered a waiver of arraignment. A pretrial conference was scheduled for June 18, 2020, but on May 27, 2020, it was cancelled due to the pandemic. The May 27, 2020 notice of cancellation stated, "Due to ongoing pandemic precautions your Pre-trial Conference has been cancelled and will not be rescheduled."

In a series of orders, our Supreme Court declared Pennsylvania courts closed for the period between March 16, 2020 and June 1, 2020 due to the pandemic and suspended Rule 600 during this period.

On May 27, 2020, the President Judge of the York County Court of Common Pleas, the Honorable Joseph Adams, issued a Covid-related judicial emergency declaration ("Declaration" or "Judge Adams' Declaration") from May 27, 2020 through August 31, 2020. The Declaration provided in relevant part:

> Per the Supreme Court's Order dated May 27, 2020, authorizing President Judges to declare judicial emergencies in their judicial districts, I declare a judicial emergency in the 19th Judicial District through August 31, 2020. During the emergency, the following shall apply:
>
> . . .
>
> (3) Suspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial.

> Any postponement caused by the judicial emergency shall be considered a court postponement and shall constitute excludable time for purposes of the application of Rule 600. . .

*Id.*

At the Commonwealth's request, a pre-trial conference was scheduled for November 23, 2020. Appellee failed to appear at his pre-trial conference, and a bench warrant was issued. On May 17, 2021, Appellee was brought in on the bench warrant. At the conclusion of the hearing, the court stated that the status hearing would be scheduled by the trial judge's chambers. A status conference was not scheduled until September 16, 2021, when the prosecutor contacted the trial judge's chambers and asked for a status hearing.

A status hearing was scheduled for September 28, 2021. During this hearing, Appellee's attorney moved for dismissal of the case under Rule 600. She later filed a written motion seeking dismissal.

On November 3, 2021, the court held a hearing on the Rule 600 motion and granted the motion. The Commonwealth timely appealed to this Court, and both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises a single issue in this appeal:

1. The trial court erred in granting [Appellee's] motion to dismiss pursuant to Pa.R.Crim.P. 600. Specifically, the trial court erred in not including in its excludable delay calculations the time periods designated in the multiple judicial order signed by the Pennsylvania Supreme Court and signed by the then-President Judge Adams suspending the statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial. Factoring in this time, the Commonwealth was within its adjusted mechanical date for Rule 600 and the trial court erred in granting [Appellee's] motion.

Commonwealth's Brief at 5.

When presented with a speedy trial claim arising under Pennsylvania Rule of Criminal Procedure 600, our standard of review is well settled.

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa. Super. 2018). The

Commonwealth bears the burden of proving, by a preponderance of evidence,

that it acted with due diligence throughout the proceedings. ***Commonwealth***

***v. Kearse***, 890 A.2d 388, 393 (Pa. Super. 2005).

Rule 600 provides that "[t]rial in a court case in which a written

complaint is filed against the defendant shall commence within 365 days from

the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). In

computing the Rule 600 deadline, however, we do not necessarily count all

time following the filing of the complaint. Rather, "periods of delay at any

stage of the proceedings caused by the Commonwealth when the

Commonwealth has failed to exercise due diligence shall be included in the

computation of the time within which trial must commence. Any other periods

of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

The Rule 600 analysis entails three steps:

First, Rule 600(A) provides the mechanical run date. Second, we
determine whether any excludable time exists pursuant to Rule
600(C). We add the amount of excludable time, if any, to the
mechanical run date to arrive at an adjusted run date.

If the trial takes place after the adjusted run date, we apply the
due diligence analysis set forth in Rule 600([D]). As we have
explained, Rule 600[] encompasses a wide variety of
circumstances under which a period of delay was outside the
control of the Commonwealth and not the result of the
Commonwealth's lack of diligence. Any such period of delay
results in an extension of the run date. Addition of any Rule 600[]
extensions to the adjusted run date produces the final Rule 600
run date. If the Commonwealth does not bring the defendant to
trial on or before the final run date, the trial court must dismiss
the charges.

- 5 -

***Commonwealth v. Wendel***, 165 A.3d 952, 956–57 (Pa. Super. 2017).

The mechanical run date in this case was December 8, 2020.  The court found that four periods of time were excludable from the Rule 600 calculation,[1] making the adjusted run date October 2, 2021.  The court held that dismissal was necessary under Rule 600 because (1) the Commonwealth failed to bring this case to trial as of November 3, 2021, the date of the Rule 600 hearing (one month past the adjusted run date calculated by the court), and (2) the Commonwealth failed to exercise due diligence in prosecuting the case.

Notably, the court rejected the Commonwealth's request to exclude the period between June 19, 2020 and August 31, 2020 pursuant to Judge Adams' declaration that the judicial emergency in York County ran through August 31.  Had the court agreed to exclude this time, Appellee's Rule 600 motion would have been unsuccessful, because the adjusted run date would have been in mid-December 2021, more than one month after the Rule 600 hearing.  The court gave two reasons for refusing to exclude this time.  First, Appellee was only entitled to a non-jury trial because his maximum sentence was six

_____

[1] The first two periods were delays caused by Appellee—specifically, 28 days between January 21, 2020 and February 18, 2020 when Appellee continued his preliminary hearing and 176 days between November 23, 2020 and May 17, 2021 when Appellee failed to appear on his bench warrant.  The third period was between March 17, 2020 and June 1, 2020, when Rule 600 was suspended due to the Supreme Court's emergency orders.  The fourth period between June 1, 2020 to June 18, 2020 was excludable due to the cancellation of the pre-trial conference due to the pandemic.  None of these time periods are at issue in this appeal.

months. Since eleven other non-jury cases were scheduled for trial between June 19 and August 31, the Commonwealth could have brought the present case to trial during this period. Statement Pursuant to Pa.R.A.P. 1925, 1/11/22, at 7-8. Second, the May 27, 2020 notice of cancellation stated that Appellee's pre-trial conference "has been cancelled and will not be rescheduled," yet after August 31, 2020, the Commonwealth repeatedly scheduled Appellee's case for status conferences instead of trial. *Id.* at 6-7.

The sole issue in this appeal is whether the court erred by declining to exclude the 74 days in question from its Rule 600 calculation. Based on our recent opinion in *Carl*, we answer this question in the affirmative.

*Carl* is almost a carbon copy of the present case. There, as in this case, the Commonwealth appealed an order of the Court of Common Pleas of York County dismissing a criminal prosecution under Rule 600. Like the present case, (1) the York County court denied the Commonwealth's request to exclude a 63-day period (June 29, 2020 to August 31, 2020) on the basis of President Judge Adams' Declaration, and (2) the court found that the Commonwealth could have brought the case to trial because fifteen other non-jury trials had taken place during this period.

*Carl* held that the trial court erred by refusing to exclude the 63-day period in disregard of the plain language of Judge Adams' Declaration:

> Construing Subsection (3) [of the Declaration] in accordance with the plain meaning of its words, we find that it clearly and simply directs that rule-based, "prompt trial" time computations are suspended for the duration of the judicial emergency at hand. The

- 7 -

intended effect on Rule 600 computations in criminal cases existing at that time is thus evident: such computations are to be held in abeyance and shall not include days transpiring during the effective time of the Declaration until the expiration of the declared emergency, at which time resumption or commencement of such computations may proceed.

As for the separate and final paragraph of the Declaration, we do not agree with Mr. Carl's position that it limits Subsection 3's suspension of prompt trial rules to only those instances where postponements occurred. Rather, the final paragraph states, "Any postponement caused by the judicial emergency shall be considered a court postponement and shall constitute excludable time for purposes of the application of Rule 600."

Reading the Declaration as a whole leads to the conclusion that the final paragraph serves as a supplement to Subsection (3) that extends the Rule 600 exception therein to postponements "caused by" the judicial emergency, which would thus include even those consequential postponements occurring after the expiration of the emergency.

Given the uncertainties of the covid pandemic's course, it was reasonable to anticipate that the judicial emergency would have downstream effects, such as the possible creation of a protracted criminal case backlog. Upon the eventual expiration of the declared emergency, however, Subsection (3)'s time computation suspension would expire with it.

The prospective posture of the Declaration's final paragraph, however, addresses this potential void by providing an ongoing, explicit, local policy in those cases that continue to experience postponements stemming from the judicial emergency even after the emergency state, itself, has been lifted.

The final paragraph, therefore, functions as a judicial response to the anticipated need for fair time computation and case management demands in the wake of any emergency-caused postponement, occurring either during or after the emergency. It does not, however, in any discernable way limit the immediate, preemptive, and plain mandate in Subsection (3) to suspend statewide rules pertaining to the rights of criminal defendants to a prompt trial "during the emergency."

As such, we find that the 60-day time period in question should have been excluded from the Rule 600 time computation in Mr. Carl's case. The proper consequence of this exclusion would have been the extension of his adjusted run date to December 6, 2021, and thus would have obviated the need for an inquiry into the Commonwealth's due diligence in bringing him to trial in compliance with Rule 600(C).

It was error for the trial court to reach the due diligence inquiry where the adjusted run date had not yet lapsed. Indeed, for the trial court to conclude that due diligence required the Commonwealth to take upon itself the task of adding back time to Mr. Carl's time computation that the Judicial Emergency Declaration so plainly excluded by virtue of Subsection (3) was error.

*Id.*, 2022 WL 1397689, at *5-6.

This analysis is binding upon us in the present case. The plain language of Judge Adams' Declaration requires exclusion of all time between June 18, 2020 and August 31, 2020. This holds true even though other non-jury trials took place during this time period and even though the Commonwealth scheduled this case for another pretrial conference after the May 27, 2020 notice instead of for trial. The proper consequence of this exclusion should have been extension of Appellee's adjusted run date to mid-December 2021 and thus obviated any need for an inquiry into the Commonwealth's due diligence in bringing him to trial in compliance with Rule 600(C).

Because the court erred by failing to exclude this time period, and because its exclusion defeats Appellee's Rule 600 motion, we vacate the order dismissing this case and remand for further proceedings consistent with this memorandum.

Order vacated. Remanded for further proceedings. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/06/2022